IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-20-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HYSEN SHERIFI, ) | |
| SHKUMBIN SHERIFI, and ) | |
| NEVINE ALY ELSHIEKH, ) | |
| ) | |
| Defendants. ) | |

This case came before the court on 26 April 2012 for a scheduling conference, pursuant to the court's 27 March 2012 Order (D.E. 95). As stated in that Order, the purpose of the conference was to determine the parameters of discovery and otherwise to ensure the timely completion of discovery prior to trial. The conference began with a public session attended by counsel for defendants Shkumbim Sherifi and Nevine Elshiekh; defendant Hysen Sherifi, serving as his own counsel; defendant's standby counsel, Robert McAfee; and counsel for the government. This session was followed by an ex parte session with all defendants and a separate ex parte session with the government. This Order sets out rulings based on proceedings at the public session of the conference. No issues were presented at the ex parte sessions requiring further action not included in this Order. In instances where this Order reflects modification of the oral directives issued at the conference, this Order controls.

IT IS ORDERED as follows:

**1. Documentary Evidence**.[1] The government shall produce to defendants no later than **18 May 2012** copies of all documentary evidence discoverable under Fed. R. Crim. P. 16. The

---

[1] Documentary evidence, used synonymously with "paper discovery" at the conference, includes documents whether in paper or electronic form.

documents subject to the pending *in camera* review pursuant to the court's 4 April 2012 Order (D.E. 104) are excluded from this directive.

    **2. Computer Evidence**. The government shall produce to defendants images of all computer hard drives seized as part of its investigation in this case in accordance with the following schedule:

    a. No later than 4 May 2012, the government shall disclose to defendants the size of each of the seized hard drives and whether the imaging of each hard drive will require an internal or external hard drive.

    b. For each of the seized hard drives for which a defendant requests an image, the requesting defendant shall provide to the government the appropriate hard drive to be used to create the image.

    c. The government shall create and serve on a defendant an image of any hard drive requested no later than two weeks after receiving from the requesting defendant the appropriate hard drive necessary for imaging.

    **3. Cellular Telephone Data**. The government shall produce to defendants no later than 11 May 2012 copies of all files contained in each of the cellular telephones seized as part of its investigation in this case, other than the cellular telephone seized from defendant Shkumbin Sherifi. With respect to that cellular telephone, the government shall produce copies of the files no later than two weeks after the government is able to gain access to the telephone's data, whether such access is gained by using a password provided by this defendant or by other means.

    **4. Audio and Video Recordings.** At the hearing, the government represented that it has in its possession approximately 100 hours of audio recordings obtained from telephone calls and recorded meetings, as well as 25 hours of surveillance video recordings which also contain

audio. The government stated that the quality of all the recordings is good. It also stated that it has produced the majority of these recordings to defendants and that it intends to produce the remaining portion by 4 May 2012. Based on these representations, the court hereby DIRECTS the government to complete its production of all audio and video recordings to defendants no later than 4 May 2012. The government is FURTHER DIRECTED to provide defendants, at their request, any assistance necessary to permit the recordings to be played in readily available software, including, but not limited to, converting the audio and video files to a common file format (*e.g.*, .wav or .mp3 (audio); .wmv or .avi (video)).

**5. Transcripts of Audio and Video Recordings.**

a. At the conference, the government represented that it has prepared draft transcripts of an apparently small number of recordings, even though criminal charges were initially brought for the alleged offense conduct in January 2012. It has also prepared summaries of certain recordings. The government has not produced either the transcripts or summaries to defendants. The government also represented that roughly half of the approximately 125 hours of recorded conversations are partially or wholly in a foreign language (*i.e.*, Albanian and Arabic) and will therefore require translation into English. Additionally, the trial, set for 5 November 2012, is only six months away and transcripts of the recordings need to be prepared significantly in advance of the trial to be of full use to the parties. In light of these considerations—the apparent dearth of existing transcripts, the overall length of the recordings, the need to translate a significant portion of them, and the impending trial date—the process of transcription of the recordings needs to begin expeditiously, if they are all to be transcribed.

b. The court believes that transcription of all the recordings is, in fact, necessary, ultimately because the untranscribed recordings are of limited utility to any party. Defendants

indicated their desire for transcripts of all the recordings. While the government stated that it did not intend to transcribe all the recordings as part of its case preparation, the court is skeptical of that claim, particularly in light of the manifest unfamiliarity of its counsel with the evidence in the case.[2]

    c. As the court stated at the conference, it presently believes that the government should have the responsibility of transcribing all the recordings. Assigning that responsibility to the government appears necessary to ensure the orderly administration of this case and, specifically, timely completion of pretrial proceedings. Among other reasons, the government obviously has more resources available to it to prepare the transcripts than defendants. Indeed, it is not clear based on representations at the conference that the transcripts can be prepared timely at reasonable expense by any party other than the government. Moreover, the recordings are evidence the government has gathered. It therefore is responsible for making the recordings a part of this case in the first place. Further, preparation by the government and one or more defendants of separate transcripts of the same recordings would not only be wasteful, but would inject unnecessary, potentially time-consuming complexity into the case, including, for example, the potential need for a formal process to compare and reconcile, to the extent possible, differences between the various versions of the transcripts. The use of different transcription providers alone could result in differences requiring time and effort to address.

    d. Based on these considerations and subject to possible partial modification after the 29 May 2012 conference, as discussed below, the court adopts the schedule set forth in subsection

---

[2] While occasional reliance on case agents for information about the evidence in a case is certainly permissible, counsel should not need to confer with case agents on a continual basis, sometimes for relatively extended periods and even in response to the most basic questions, as occurred with the government's counsel at the conference. Moreover, as useful as the case agents' appraisal of the evidence may be, the court obviously has a particular interest in knowing counsel's assessment of it. The court expects counsel for the government to be better prepared at future proceedings.

4
Case 7:12-cr-00020-BR   Document 121   Filed 05/02/12   Page 4 of 9

(e) for preparation of the transcripts of the recordings. The term "final transcripts" as used in the schedule and elsewhere in this Order means a complete transcription of a recording, including an English translation of all foreign words. A final transcript shall not be amended without prior approval of the court. Also, the court is requiring that the transcripts be filed to preserve them in the form they are produced and thereby avoid any disputes about whether changes in them were subsequently made, and to enable the court to review them in the event need arises.

    e. The government shall produce to defendants and file with the court under seal (without need for a separate motion or order to seal):

    (1) final transcripts of at least 15% or 19 hours of the recordings, whichever is greater, no later than 28 May 2012. These final transcripts shall include the final transcripts of any recordings it currently has in draft form. If the draft encompasses only a portion of a conversation, the final transcript produced shall cover the entire conversation. The court is requiring production of final transcripts of the draft transcripts that the government has already prepared on the assumption that the government's transcription of these recordings indicates that it attaches particular significance to them and that they therefore merit production to defendants as promptly as possible.

    (2) final transcripts of a cumulative total of at least 25% or 31 hours of the recordings, whichever is greater, no later than 15 June 2012.

    (3) final transcripts of a cumulative total of at least 50% or 63 hours of the recordings, whichever is greater, no later than 13 July 2012.

    (4) final transcripts of a cumulative total of at least 75% or 94 hours of the recordings, whichever is greater, no later than 10 August 2012.

(5) final transcripts of a cumulative total of 100% of the recordings no later than 7 September 2012.

f. Any party seeking modification of the foregoing schedule shall file a motion for such relief prior to the 29 May 2012 status conference or move orally for such relief at the conference. The filing of a motion for modification of the schedule, or for relief from any other deadline or provision in this Order, shall not suspend the obligation to comply, and the parties shall comply with the schedule and the other provision of this Order unless and until relieved from doing so by further order of the court. No such motion shall be made without prior consultation with the other parties regarding their position on the proposed modifications. Irrespective of the assertion of any such motion for modification, the parties shall confer prior to the 29 May 2012 status conference regarding and be prepared to address at that conference adoption of a process and associated deadlines for defendants to raise objections to final transcripts prepared by the government and for the parties thereafter to confer in an effort to resolve any such objections.

g. At the conference, defendants requested summaries of the recordings, and the government did not object to producing them. Production of summary information about the recorded conversations would, among other things, help defendants identify conversations of particular interest and thereby help prioritize transcription, as they contend. Accordingly, no later than 24 May 2012, the government shall produce to defendants the following information regarding each recorded conversation: the date; the location; the identity of the participants; the approximate length; and, if already prepared or to the extent it can practicably be prepared, a description of the subject matter. The court anticipates that the government has already compiled most of this information as part of the investigatory process.

**6. Rolling Production.** Unless otherwise ordered, all production ordered by the undersigned in this case shall be on a rolling basis, including the production ordered herein. In other words, materials shall be produced as soon as practicable after they are ready for production without awaiting the preparation of other materials for production.

**7. Pretrial Schedule**. As discussed at the conference, the parties shall confer on a proposed pretrial schedule for all pretrial motions and all other pretrial matters in this case consistent with the 5 November 2012 trial date, excluding transcript preparation which, of course, is addressed above. Such pretrial matters may include without limitation: motions for severance; expert disclosures under Rule 16; motions to suppress; motions in limine; motions regarding *Brady*, *Jencks*, and *Giglio*; notice of intent to offer Rule 404(b) evidence; reciprocal discovery by defendants under Rule 16; and proposed voir dire and jury instructions. The parties shall file the joint proposed pretrial schedule no later than 2:00 p.m. on 28 May 2012.

**8. Holding of Regular Status Conferences.** As proposed by the court and agreed to by the parties, the undersigned will conduct regular status conferences in this case. The purpose of these conferences is to efficiently address discovery-related and other pretrial issues that the parties themselves have been unable to resolve and to otherwise help ensure that proceedings in this case progress in a timely fashion.

**9. Next Status Conference**. As discussed at the conference, the next status conference shall be held on 29 May 2012 at 2:00 p.m. in the 5th floor courtroom of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. All counsel of record, including stand-by counsel for defendant Hysen Sherifi, are DIRECTED to attend. Further, the United States Marshal is DIRECTED to produce defendant Hysen Sherifi for the hearing. The presence of defendants Shkumbin Sherifi and Nevine Aly Elshiekh is not required.

**10. Preparation for Status Conferences.** To provide sufficient time for adequate preparation by both the parties and the court, the following protocol shall apply to the conference on 29 May 2012 and all other future status conferences, unless otherwise ordered by the court:

a. All parties shall confer prior to the conference in a good faith effort to develop a joint agenda listing all matters the parties propose be addressed at the conference, including any current discovery-related issues or disputes. If the parties do not agree on the means of handling a particular matter, they shall state their respective positions on it.

b. The parties shall file the joint agenda no later than 5:00 p.m. on the third day prior to the conference. The court reserves the prerogative to raise issues not included in the agenda.

c. A party seeking ex parte consideration by the court of issues at the conference shall file under seal a separate ex parte agenda by the same deadline.

d. The parties shall provide all documents not already in the record relating to items in the proposed agenda to other counsel (except to the extent they concern ex parte matters) and to the court by 5:00 p.m. on the second business day prior to the date of the conference. Such documents shall be submitted to the court by emailing them to: Documents_USMJ_Gates @nced.uscourts.gov.

e. Counsel may request leave to appear at a conference by telephone by motion filed one week prior to the scheduled conference.

f. For parties represented by more than one counsel of record, at least one such attorney shall appear at each conference, absent contrary order. The appearing attorney shall be fully prepared to address the matters coming before the court at the conference.

**11. Notices of Compliance.** Any party complying with any future pretrial deadline is DIRECTED to file a notice indicating such compliance in the event that compliance will not

entail the filing of another document that will provide the court notice of compliance. Where more than one party has complied with a particular deadline, a single notice for all the complying parties may be filed in lieu of separate notices for each party.

SO ORDERED, this the 2nd day of May 2012.

James E. Gates
United States Magistrate Judge