IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-20-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HYSEN SHERIFI, ) | |
| SHKUMBIN SHERIFI, and ) | |
| NEVINE ALY ELSHIEKH, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court, in part, on the proposal (D.E. 169) by the government, filed pursuant to the court's 15 June 2012 Order (D.E. 153 at ¶ 3.g.), for the identification and resolution of any differences in transcripts the respective parties intend to present at trial and for a method of presenting any such differences to the jury at trial, if necessary. Defendants Shkumbin Sherifi and Nevine Elshiekh ("Elshiekh") consent to the proposal other than the portion of it dealing with the presentation at trial of any varying versions of transcripts of foreign language (*i.e.*, Albanian or Arabic) recordings. As to this issue, Elshiekh has made an alternative proposal (D.E. 172), in which Shkumbin Sherifi joins, which is also before the court. Defendant Hysen Sherifi takes no position on the government's or Elshiekh's proposal.

In general terms, the government proposes that within a specified period after receipt of a transcript—14 days for transcripts of English recordings and 30 days for transcripts of foreign language recordings—defendants serve on the government any objections to the transcripts. The government would then have a period of the same length in which to inform defendants of its position on the objections. If all objections are resolved, the agreed transcript would be filed with the court. In the event differences remain, the separate versions would be filed with the court and presented at trial. The government did not propose a specific manner of presentation at

trial. The Elshiekh alternative proposes that the parties be required to present expert testimony to authenticate and verify the accuracy of any separate versions of transcripts of foreign language recordings as part of the presentation of the transcripts at trial.

The court finds that while the basic framework of the government's proposal is satisfactory, several modifications are warranted. Most significantly, to avoid the unnecessary expenditure of resources, it is appropriate to limit the process of identifying and attempting to resolve differences over transcripts to only those portions of them that the parties intend to present at trial. The government has indicated that it intends to present substantially less than half of the transcripts at trial. (*See* 15 June 2012 Order 5 ¶ 3). Indeed, it had previously proposed that as to the pre-arrest foreign language recordings, it prepare transcripts of only those portions it intended to present at trial. *See id.* In addition, the court believes there need to be specific dates for completion of the various phases of the process to help ensure their timely completion and an express obligation to confer regarding differences in transcripts.

The court continues to believe it would be helpful to have specific proposals from the parties regarding the method of presenting differences in transcriptions. Determination of the number and nature of unresolved objections should facilitate the parties' development of more refined proposals for such presentation.[1] Needless to say, the method of presentation will be determined by the presiding district judge.

With these considerations in mind, IT IS ORDERED that the following procedures apply in this case:

1. As soon as practicable but in no event later than 7 September 2012, the government shall serve on defendants a notice designating any transcripts (which

---

[1] Whether or not expert witnesses are used, one option for consideration would be to permit the jury to read any varying versions of transcripts advocated by any defendant immediately after the presentation of the associated recordings and any transcripts by the government during its case in chief. A comparable procedure could be used during defendants' cases in chief.

term encompasses separately designated portions of transcripts) it intends to present at trial. The transcripts as to which the designations are made shall be those the government filed with the court at the time the transcripts were served on defendants pursuant to the 15 June 2012 Order, *i.e.*, the "final transcripts" as defined by that Order. (*See* 15 June 2012 Order 4 n.3).

2. As soon as practicable after service of the government's designations but in no event later than 21 September 2012, each defendant shall serve on the government and all co-defendants: (a) a notice designating any transcripts he or she intends to present at trial; and (b) any objections he or she has to any transcripts designated by the government.

3. As soon as practicable after the service on the government of any designations by any defendant but in no event later than 28 September 2012, the government shall serve on all defendants any objections it has to any transcripts designated by any defendant.

4. As soon as practicable after service upon a party of objections to a transcript the party has designated, the party shall confer in good faith with the objecting party to resolve the objections.

5. As soon as practicable after completion the parties' attempts to resolve objections but in no event later than 12 October 2012, the parties shall jointly file a notice identifying all designated transcripts as to which no objections were asserted or all objections made have been resolved, together with a copy of each such transcript that is not the same as the copy filed by the government pursuant to the 15 June 2012 Order.

6. By the same time specified in paragraph 5, an objecting party whose objections are not all resolved shall file a motion seeking relief on the unresolved objections. The motion shall identify the unresolved objections and state whether the movant seeks resolution by the court or the jury. If by the jury, the motion shall state the proposed manner of presentation to the jury. The motion shall also contain a certification by the movant's counsel, if represented, or the movant, if pro se, that the movant has conferred in good faith to resolve the objections.

SO ORDERED, this the 14th day of August 2012.

James E. Gates
United States Magistrate Judge

3
Case 7:12-cr-00020-BR   Document 216   Filed 08/14/12   Page 3 of 3