IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-20-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| HYSEN SHERIFI, ) | |
| SHKUMBIN SHERIFI, and ) | |
| NEVINE ALY ELSHIEKH, ) | |
| ) | |
| Defendants. ) | |

The 15 June 2012 Order (D.E. 153) ("June 15 Order") in this case required that the government produce to defendants by 10 August 2012 transcripts of a cumulative total of at least 75% of all pre-arrest recordings and transcripts of 100% of pre-arrest Albanian and Arabic recordings. (*See* 15 June 2012 Order ¶ 3.a.(ii), (iii)). In its notice regarding its level of compliance with these deadlines, filed 10 August 2012 (D.E. 214) ("10 August Notice"),[1] the government represented that it had produced to defendants transcripts of 65% of all pre-arrest recordings, including transcripts of 91% of all pre-arrest Albanian or Arabic recordings.[2] (10 Aug. 2012 Notice 1, 2). The notice refers to the total length of pre-arrest recordings as 98.9 hours, 29.73 of which are in Albanian. (10 Aug. Notice 1, 2).

The figure given for the total length of the pre-arrest recordings is erroneous, along with the percentage of all pre-arrest recordings completed calculated on the basis of that total. The total-length figure reflects the number of hours of recordings the government had produced to defendants by the 29 May 2012 status conference, as set out in the 15 June Order. (*See* 15 June

---

[1] The court's 2 May 2012 Order required that notices of compliance be filed notifying the court of compliance with deadlines which would not otherwise be disclosed to the court in other filings. (2 May 2012 Order ¶ 11).

[2] Thus, by its own admission, the government failed to comply with the 10 August 2012 deadlines. Beyond seeking the additional information specified below, the court defers any action on the government's noncompliance.

Order 2). It does not take into account the additional pre-arrest recordings that the government was required by the 15 June Order to cull, as potentially relevant, from some 300 hours of additional pre-arrest recordings and then produce to defendants by 13 July 2012 ("culled recordings"). (15 June 2012 Order ¶ 1.a). That the government did produce at least some culled recordings is indisputable because it filed a notice on 13 July 2012 stating that it had produced some albeit without giving their length. (*See* 13 July Notice (D.E. 86) 1).

The 15 June Order makes clear that the culled recordings were among the pre-arrest recordings the government was required to transcribe. (*See* 15 June Order, *e.g.*, ¶ 3.a.(ii)) ("The government shall produce to defendants . . . [t]ranscripts of a cumulative total of at least 75% of *all* pre-arrest recordings no later than 10 August 2012." (emphasis added)). The district judge affirmed that the 15 June Order imposed the requirement to transcribe the culled recordings in the order denying the government's appeal from the 15 June Order. (*See* 8 Aug. 2012 Order (D.E. 207) 6-7). The government's appeal did not suspend its obligation to transcribe the culled recordings. (*See* 15 June Order 5 n.5 ("[T]he parties shall comply with the schedule and the other provision[s] of this order unless and until relieved from doing so by further order of the court.")).

IT IS THEREFORE ORDERED that the government shall file no later than Friday, 17 August 2012, a supplemental notice setting out the following information regarding the pre-arrest recordings in this case:

1. The number of hours of culled recordings the government has produced to defendants.

2. The number of hours of culled recordings that the government has transcribed and produced in transcribed form to defendants.

3. The number of hours of foreign language recordings among the culled recordings.

4. The number of hours of foreign language recordings among the culled recordings that have been transcribed and produced in transcribed form to defendants.

5. A description of the government's plan for meeting the 7 September 2012 deadline for production to defendants of transcripts of 100% of all pre-arrest recordings. (*See* 15 June Order ¶ 3.a.(iv)).

SO ORDERED, this the 15th day of August 2012.

James E. Gates
United States Magistrate Judge