UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CR-20-2-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| v. | ) | OPPOSITION TO DEFENDANT'S |
| | ) | 404(b) MOTION IN LIMINE |
| NEVINE ALY ELSHIEKH | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina and the Department of Justice, hereby responds in opposition to the defendant's Motion in Limine, and in support thereof, the Government respectfully shows as follows:

**BACKGROUND**

On February 21, 2012, Nevine Aly Elshiekh ("defendant"), along with her co-defendants, was charged in a nine-count indictment filed in the Eastern District of North Carolina. [Docket Entry "DE" 40] The defendant is charged with a variety of crimes arising out of a murder-for-hire conspiracy aimed at retaliating against witnesses who testified against Hysen Sherifi ("Hysen") and to prevent the future testimony of witnesses.

On September 17, 2012, the Government filed notice of it's intent to use 404(b) evidence. [DE-250] The Government's 404(b) notice included the following: (1) Hysen Sherifi's prior federal convictions in the case of United States v. Hysen Sherifi (No. 5:09-CR-216-2-FL); (2) domestic abuse committed by Hysen Sherifi as alleged by his wife; (3) plans for the murder of federal law

enforcement agents; (4) plans to intimidate other persons and/or entities, not named in the indictment of this matter; and, (5) plans to extort or take money under false pretenses from individuals not named in the indictment of this matter.  Id. However, the Government's notice also stated:

> "The United States contends that such evidence is, in fact, necessary to prove an element in its case-in-chief in the instant case. However, in an abundance of caution, the United States is providing this notice pursuant to Rule 404(b), Federal Rules of Evidence in the event the Court finds that this evidence constitutes evidence of other crimes, wrongs or acts which are admissible as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident.
>
> Additionally, this evidence is admissible independently of Rule 404(b) as "evidence of uncharged conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 886 (4th Cir. 1994)(approving evidence of criminal conduct which took place a year before the charged conspiracy period, without recourse to Rule 404(b)). See also United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (evidence of uncharged criminal activity admissible where it furnishes part of the context of the crime); United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980) (evidence of uncharged criminal conduct admissible if it served to complete the story of the crime on trial)"

Id.  On October 2, 2012, the defendant filed a motion in limine to exclude evidence.  [DE-268]

2

## **LAW**

The defendant moves the Court for an order to exclude certain evidence that the Government intends to present [DE-268]. In doing so, the defendant argues that: the evidence of plans to murder federal law enforcement officers and to intimidate other persons and/or entities not named in the indictment are outside the scope of the conspiracy charges, not relevant under 404(b) and unfairly prejudicial under 403. With the exception of the domestic abuse allegation, the remaining acts cited in Government's 404(b) notice were either in furtherance of the conspiracy or contextual acts of the conspiracy.

Federal Rule of Evidence 404(b) permits evidence of a defendant's other "bad acts" to prove "motive, opportunity, intent, preparation, plan, [or] knowledge..." See generally United States v. Penniegraft, 641 F.3d 566, 574 (4th Cir.), cert. denied, 132 S. Ct. 564 (2011); United States v. Basham, 561 F. 3d 302, 325-30 (4th Cir. 2009), cert. denied, 130 S. Ct. 3353 (2010); Untied States v. Uzenski, 434 F.3d 690, 710-11 (4th Cir. 2006); United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993); United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991); United States v. Watford, 894 F.2d 665, 671-72 (4th Cir. 1990); United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Hadaway, 681 F.2d 214, 217-18 (4th Cir. 1982); and United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980).

Where 404(b) evidence is potentially prejudicial, the Fourth

3

Circuit places great stock in jury instructions as a sufficient remedy. See, e.g., United States v. Byers, 649 F.3d 197, 210-11 (4th Cir. 2011); United States v. Whorley, 550 F.3d 326, 338; United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008); cert. denied, 555 U.S. 1118 (2009); United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004); United States v. Mohr, 318 F.3d 613, 620; United States v. Queen, 132 F.3d 991, 997-98 (4th Cir. 1997), cert. denied, 523 U.S. (1998); Hadaway, 681 F.2d at 219; Rawle, 845 F.2d at 1248; and Masters, 622 F.2d at 87. The trial court is given broad discretion in determining whether to admit 404(b) evidence, and an abuse of discretion will not be found unless its exercise was "arbitrary or irrational." United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). Accord United States v. Weaver, 282 F.3d 302, 313-14 (4th Cir.), cert. denied, 537 U.S. 847 (2002); United States v. Fells, 920 F.2d 1179, 1181 (4th Cir. 1990); and Rawle, 845 F.2d at 1247. Indeed, as the Fourth Circuit has noted, the reasons which justify 404(b) evidence are not limited to those explicitly stated in the rule, but are almost "infinite" in number. Watford, 894 F.2d at 671; Masters, 622 F.2d at 86. Given the broad discretion of the trial court regarding Rule 404(b) evidence and the confidence placed in jury instructions to counter potential prejudice, it is not surprising that the appellate court rarely finds its admission to be error. See, e.g., United States v. Gray, 405 F.3d 227, 238-40 (4th Cir.) (approving evidence of murder of

first husband in 1974 and collection of his life insurance admitted in trial involving murder of second husband and a paramour and collection of their life insurance), cert. denied, 546 U.S. 912 (2005); and United States v. White, 405 F.3d 208, 212-13 (4th Cir.) (approving evidence of cocaine base sales to co-conspirator years before charged conspiracy as "relevant and necessary" to prove defendant had guilty knowledge and intent to commit charged offense), cert. denied, 546 U.S. 1023 (2005).

Additionally, this evidence is admissible independently of Rule 404(b). Rule 404(b) authorizes the admission of evidence of "other crimes;" however,"evidence of uncharged conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to complete the story of the crime on trial" may be admissible independent of Rule 404(b). See, e.g., United States v. Kennedy, 32 F.3d 876, 886 (4th Cir. 1994) (approving evidence of criminal conduct which took place a year before the charged conspiracy period, without recourse to Rule 404(b)). Accord United States v. Cooper, 482 F.3d 658, 663-64 (4th Cir. 2007) (evidence of related violations of State environmental regulations, which were "intrinsic to the story of the crime," were not subject to the limits of Rule 404(b) or otherwise excludable under Rule 403); United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) (approving evidence of uncharged murder and threats to murder in prosecution of heroine distribution and other drug-related

5

crimes as "acts intrinsic to the alleged crime"); United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (evidence of uncharged criminal activity admissible where it furnishes part of the context of the crime); United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980) (evidence of uncharged criminal conduct admissible if it served to complete the story of the crime on trial).

**ARGUMENT**

All but one of the items listed in Government's 404(b) notice were either in furtherance of the conspiracy or contextual acts of the conspiracy, thus 404(b) is not applicable. The Government has provided defense with audio recordings of conversations in which Hysen Sherifi discusses his plan to hire an assassin to kill witnesses who testified in his terrorism trial and who he expected to testify again in the upcoming trial of one of his terrorism co-conspirators. Hysen's potential targets included three FBI agents and three Government witnesses. The Government will use various types of evidence, including recordings, showing that each conspirator took steps to further Hysen's plan to kill trial witnesses. Such steps include: helping Hysen obtain discovery material containing information about the FBI agents; doing internet research for information about the proposed targets; couriering photos of a target to Hysen; meeting with a person each believed to be the assassin's middleman; helping fund the assassination; and helping set-up meetings between her co-

6

conspirator and the assassin's middleman.

The defendant has neither offered nor established any basis for excluding this evidence. The defense does not even attempt to justify the exclusion through case law or factual support. Instead, the defense relies on conclusory statements and unfounded claims of prejudice. The defense provides no discussion of why excluding the evidence would be appropriate. Accordingly, the defendant's request to exclude evidence should be denied.

## **CONCLUSION**

For the forgoing reasons, the United States respectfully requests that the Court deny the Defendant's Motion in Limine.

Respectfully submitted this 18th day of October, 2012.

>THOMAS G. WALKER
>United States Attorney
>
>BY: /s/ J. Frank Bradsher
>J. FRANK BRADSHER
>Assistant United States Attorney
>Criminal Division
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601
>Telephone: 919-856-4530
>Fax: 919-856-4487
>Email: frank.bradsher@usdoj.gov
>NC State Bar No. 14048
>
>By: /S/ Brian S. Meyers
>BRIAN S. MEYERS
>Assistant United States Attorney
>Criminal Division
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601
>Telephone: 919-856-4530
>Fax: 919-856-4487
>Email:brian.s.meyers@usdoj.gov
>NC State Bar No. 32837

```
                    BY: /s/ Matthew F. Blue
                        Matthew F. Blue
                        Trial Attorney
                        Department of Justice
                        National Security Division
                        Counterterrorism Section
                        950 Pennsylvania Avenue NW
                        Room 2712
                        Washington, DC  20530
                        Telephone: 202-514-0849
                        Fax: 202-514-8714
                        Email: matt.blue@usdoj.gov
                        DC Bar No. 494150
```

CERTIFICATE OF SERVICE

This is to certify that on the 18th day of October, 2012, served a copy of the foregoing upon counsel for the defendants in this action by electronically filing the foregoing with the Clerk of Court, using the CM/ECF:

| | |
|---|---|
| Kelley Latham Greene<br>Greene and Wilson, P.A.<br>P. O. Box 1676<br>New Bern, NC 28563<br>252-634-9400<br>Fax: 252-634-3464<br>kgreene@greenewilson.com | Linda Moreno<br>Law Office of Linda Moreno<br>P. O. Box 10985<br>Tampa, FL 33679<br>813-247-4500<br>lindamoreno.esquire@gmail.com |
| Wayne James Payne<br>Powell and Payne<br>P. O. Box 2308<br>Shallotte, NC 28459<br>910-754-4389<br>910-754-9411 (fax)<br>blvir@atmc.net | Charles Davidson Swift<br>Swift and McDonald<br>1809 Seventh Ave., Suite 1108<br>Seattle, WA 98101<br>206-441-3377<br>206-224-9908 (fax)<br>cswift@prolegaldefense.com |

and further upon defendant Hysen Sherifi by placing a copy postage pre-paid in first class mail addressed to:

Hysen Sherifi
#51768-056
Albemarle District Jail
210 Executive Drive
Elizabeth City, NC 27907
PRO SE

                        By:  <u>/S/ Brian S. Meyers</u>
                             BRIAN S. MEYERS
                             Assistant United States Attorney
                             Criminal Division
                             310 New Bern Avenue, Suite 800
                             Raleigh, NC 27601
                             Telephone: 919-856-4530
                             Fax: 919-856-4487
                             Email: brian.s.meyers@usdoj.gov
                             NC State Bar No. 32837