IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-20-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HYSEN SHERIFI, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on defendant's pro se motion (D.E. 376) for free copies of the docket sheet, all legal motions filed by him, and the trial transcript on the grounds that he is contemplating seeking habeas corpus post-conviction relief. For the reasons set forth below, the motion will be granted in part and denied in part.

Defendant's motion for a free copy of the docket sheet in this case is GRANTED, and the Clerk is DIRECTED to send him a copy at no expense.

Defendant's motion for free copies of motions filed by him in this case is DENIED. The court allowed defendant to proceed pro se with the assistance of stand-by counsel throughout the course of the proceedings in this case. (*See* 2 Mar. 2012 Order (D.E. 59)). Accordingly, all documents filed in this case would have been served directly on defendant, and he has failed to provide any explanation as to why he needs additional copies of any filings. *See Clegg-Arrs v. Wiggins*, No. 5:15-CT-3060-D, 2015 WL 4760705, at *3 (E.D.N.C. 12 Aug. 2015) ("A pro se litigant is responsible for properly maintaining legal records."). However, if defendant needs additional copies of court filings, the Clerk's Office will provide such copies for a fee of fifty cents per page. *See* 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Accordingly, defendant may submit any request for copies directly to the Clerk and pay the required fee.

Defendant's motion for a free copy of the trial transcript is also DENIED. Pursuant to 28 U.S.C. § 753(f),[1] a defendant must have a currently pending habeas corpus or 28 U.S.C. § 2255 proceeding to receive a free copy of a transcript. *See United States v. Webb*, 54 Fed. Appx. 588, 588 (4th Cir. 2003) (affirming district court's denial of a free transcript where defendant had not filed his § 2255 petition (citing *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) ("Based on the plain language and necessary operation of the statute, we conclude that a motion for a free transcript pursuant to § 753(f) is not ripe until a § 2255 motion has been filed."))). Defendant was sentenced on 10 May 2013 (D.E. 357), and he does not have a habeas corpus or § 2255 proceeding currently pending. Further, should defendant seek to renew his request for a copy of the transcript after initiating such a proceeding, he must also file an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 753(f) (specifying that the fees for transcripts in habeas corpus and § 2255 proceedings are to be paid by the United States where the petitioner has been allowed to proceed *in forma pauperis*). For the convenience of defendant, the Clerk is DIRECTED to append to the copy of this order it sends plaintiff a copy of the Application to Proceed in District Court without Prepaying Fees or Costs (Form AO 240).

---

[1] 28 U.S.C. § 753(f) provides, in relevant part, as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

SO ORDERED, this the 11th day of December 2015.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge