UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-20-BR
No. 7:18-CV-191-BR

| | |
|---|---|
| HYSEN SHERIFI, | ) |
|         Petitioner, | ) |
| | ) |
| v. | )     <u>ORDER</u> |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|         Respondent. | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 389.) Petitioner filed a memorandum in opposition.[1] (DE # 394.)

In 2012, a jury convicted petitioner of multiple offenses arising out of his conspiracy to kill various persons, including government witnesses. By judgment entered 15 May 2013, the court sentenced petitioner to a total term of life imprisonment. Petitioner did not appeal.

On 19 October 2018, he filed a § 2255 motion. (DE # 379.) Because the motion did not substantially follow the standard form, the court directed the Clerk to send a copy of the § 2255 standard form to petitioner and directed petitioner to return the completed form. (DE # 381.) Petitioner filed the proper form. (DE # 382.) He seeks to vacate his convictions on the grounds that (1) the court's failure to determine his competence to stand trial violates his due process right to a fair trial and (2) the indictment is multiplicitous in violation of the Double Jeopardy Clause. (DE # 379, at 3-10; <u>see also</u> DE # 382, at 4 (setting forth ground for claim by

---

[1]After petitioner filed his memorandum, the Office of the Federal Public Defender filed a notice to supplement the § 2255 motion with precedent, "which reinforces that [petitioner's] conviction[s] under 18 U.S.C. § 924(c) are now void." (DE # 395.) Petitioner was not convicted of § 924(c) in the underlying criminal proceeding. Rather, he sustained such a conviction in another case, No. 5:09-CR-216-FL (E.D.N.C.). The Office of the Federal Public Defender represents petitioner on his § 2255 motion challenging that conviction. Thus, it appears counsel inadvertently filed the notice in this proceeding. The Clerk is DIRECTED to strike the notice from the docket and file it in Case No. 5:09-CR-216-FL.

referring to earlier filed motion).)

The government argues, pursuant to Federal Rule of Civil Procedure 12(b)(6), the § 2255 motion should be dismissed for failure to state any claim for relief. Specifically, the government contends petitioner's § 2255 motion is untimely because petitioner did not file the motion within § 2255(f)'s limitations period. Generally, a court will not reach the merits of a timeliness defense on a motion to dismiss under Rule 12(b)(6). Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, a court may do so "in the relatively rare circumstances where . . . all facts necessary to the affirmative defense 'clearly appear *on the face on the complaint*[,]'" Id. (citation and alteration omitted).

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Here, the only relevant date is when petitioner's judgment of conviction became final. Because petitioner did not appeal from the judgment entered 15 May 2013, his conviction became final 14 days later, on or about 29 May 2013. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (recognizing that the petitioner's convictions became final when the 14-day period for filing a direct appeal expired). Petitioner

filed his § 2255 motion more than five years after that date.

Petitioner recognizes he did not file his § 2255 motion within the applicable period. (See DE # 379, at 2.) Nonetheless, he relies on the doctrine of equitable tolling to make the motion timely. (Id.)

> Equitable tolling of petitions for collateral review is available only when a defendant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Under this court's precedent, equitable tolling is appropriate in those "rare instances where— due to circumstances external to the party's own conduct— it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

Whiteside v. United States, 775 F.3d 180, 184-85 (4th Cir. 2014) (citations omitted).

Petitioner claims equitable tolling is warranted because he "was . . . laboring under the incapacitating effect of insanity at his trial." (DE # 379, at 2.)

> In cases where a petitioner alleges mental incapacity as grounds for equitable tolling, courts require a showing of "profound mental incapacity." [*United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004)] (citing *Grant v. McDonnel Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir.1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence")). In addition, a petitioner must show that the mental impairment prevented him from filing his petition within the limitations period. *See Robison v. Hinkle*, 610 F.Supp.2d 533, 539 (E.D.Va.2009) (holding that a petitioner must demonstrate a causal connection between mental incapacity and the untimely filing); *see also Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir.2003) (holding that while petitioner had shown that he suffered from "chronic and sometimes debilitating mental illness," equitable tolling was not warranted because petitioner failed to demonstrate that his condition prevented him from filing a timely petition).

Ashann-Ra v. United States, No. 5:08-CV-302-BR, 2009 WL 3448431, at *4 (E.D.N.C. Oct. 26, 2009).

To support his claimed insanity, petitioner relies on witnesses' testimony that while petitioner lived in Kosovo, he put a knife in a boy's hand and watched the boy chase his sister

3

with it and that petitioner believed himself to be a representative of Allah, who gave him the authority to kill.  (DE # 379, at 4, 5; see also DE # 394, at 4.)  He also relies on his "irrational behavior" at trial: claiming the court was in a conspiracy with Satan and claiming his former counsel was a helper of Satan.  (DE # 379, at 4-5; see also DE # 394, at 4.)

Although the court recalls petitioner behaving bizarrely and inappropriately at times during the trial, such behavior does not necessarily equate with incompetence.[2]  Even assuming petitioner was incompetent at trial, that does not mean his incompetence continued for years thereafter.  Petitioner has not provided any information about his mental health during the limitations period—29 May 2013 to 29 May 2014—or later.  In fact, since 2015, petitioner has been able to file *pro se* cogent requests for relief in this case and his other case in this district, Case No. 5:09-CR-216-FL.  The court concludes petitioner has not adequately alleged facts to warrant equitable tolling of § 2255(f)(1)'s limitations period, cf. Ashann-Ra, 2009 WL 3448431, at *5 (denying the government's motion to dismiss and finding the petitioner had sufficiently alleged profound mental incapacity and causation where he alleged hearing voices since childhood, multiple suicide attempts, diagnosis of a psychiatric disorder, and persistent psychosis through the limitations period until the present), and therefore, his § 2255 motion will be dismissed as untimely.

The government's motion to dismiss is ALLOWED.  Petitioner's § 2255 motion is DISMISSED.  The court finds that petitioner has not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A certificate of appealability is DENIED.

---

[2]In fact, at petitioner's arraignment just prior to the beginning of trial, the court found he was competent to proceed.

The Clerk is DIRECTED to enter judgment and close this case.

This 22 May 2019.

_____
W. Earl Britt
Senior U.S. District Judge